UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLETCHER SHERMAN LEGARDY, | No. 2:25-cv-2513 DJC AC (PS) |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| SUNRISE MALL OWNERSHIP GROUP and ETHAN CONRAD PROPERTIES, | |
| Defendants. | |

On September 3, 2025, plaintiff filed this action in pro se and paid the filing fee. ECF No. 1. The case was accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). The undersigned has reviewed the complaint and believes that this court lacks subject matter jurisdiction to hear plaintiff's case, and that this case must be dismissed.

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, (1994). In 28 U.S.C. §§ 1331 and 1332(a), "Congress granted federal courts jurisdiction over two general types of cases: cases that "aris[e] under" federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a). These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively. Home Depot U. S. A., Inc. v. Jackson, 587 U.S. 435, 437 (2019).

1

The complaint asserts that this court has federal question jurisdiction pursuant to "the right to own property and collect rents." ECF No. 1 at 5. A case "arises under" federal law either where federal law creates the cause of action or "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. at 1089 (quoting Rivet v. Regions Bank, 522 U.S. 470, 475 (1998)). Though plaintiff invokes federal question jurisdiction, he does not present any cause of action based on a federal statute or violation of a federal right. There is no federal "right to own property and collect rents."

Plaintiff's allegations themselves do not suggest any basis for federal jurisdiction. Plaintiff alleges that he bought Sears and Roebuck in 1972, and that he had to destroy one of the stores and start over, with one on Florin Road and one at Sunrise Mall. ECF No. 1 at 6. Plaintiff alleges he had to "add to the building." Id. He alleges he also owned Toys-R-Us and never received rents or money owed on the buildings between 1975 and 2025. Id. He alleges that the mayor of Citrus Heights wants to sell the property. Id. Plaintiff notifies the court that the Sunrise Mall owners' group has not talked to him for three decades, and every time he shows up to the mall for meetings, they will not talk to him, let him attend meetings, or collect rents. ECF No. 1 at 2. These facts do not support federal question jurisdiction. Plaintiff cannot rely on diversity jurisdiction because he and all defendants are California residents. See ECF No. 1 at 3.

Good cause appearing, IT IS HEREBY ORDERED that plaintiff shall show cause, in writing, within 14 days of this order, why this court has subject matter jurisdiction over his case.

////
////
////
////

1  If plaintiff fails to timely respond, the court will recommend dismissal of his case without
2  prejudice for lack of subject matter jurisdiction.
3  DATED: September 22, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE